# Okeson's Appeal.

1. After the lapse of twenty years, a legacy is supposed to be paid.
2. The Orphans' Court having no jury, are necessarily to judge of the facts as well as of the law.
3. A petition for a citation, in the Orphans' Court, should come from some person *interested;* and the facts necessary to show the interest and give the court jurisdiction, with the cause of complaint, and the relief desired, must be supported by oath or affirmation.

APPEAL from the decree of the Orphans' Court, of *Juniata county*, dismissing the petition of William Okeson, for a citation to the executors of James Black, deceased.

The facts of the case appear in the opinion of the court, delivered in 1854, by

LEWIS, J.—On the 12th January, 1809, letters of administration were issued upon the estate of James Black, deceased. William Okeson, who was married to a daughter of the decedent, now presents his petition for a citation to the executors, to settle the administration account. The paper book does not show the date of presenting this petition, but we infer, from what does appear, that the application was made in the year 1850, forty years after the death of the testator.

It is needless to repeat the familiar doctrine that, after such a lapse of time, the legacy of the petitioner is presumed to be paid. The circumstances relied upon to repel this presumption, only serve to increase its force. The suggestion that this presumption "falls exclusively within the province of a jury," is entirely out of place in proceedings in the Orphans' Court, where we have no jury, and where the court is necessarily to judge of the facts as well as the law.

The remark of Mr. Justice Sergeant, in *Foulk* v. *Brown*, 2 Watts, 216, that "the Orphans' Court, on an application by a legatee, for process to compel a settlement of an administration

account, could not enquire whether the legacy had been paid or not," must be taken to apply only to an application within twenty years, and to have relation only to an enquiry involving the *fact* of payment of an amount which could not be ascertained until such settlement. That this was his meaning, is evident from the opinion itself. It is distinctly held, that "if the citation had been taken out within twenty years from the time at which the legacy was payable, it would be sufficient. That, however, was not the case, except as to the sum payable after the widow's death; and, therefore, *as to all but that*, is of no avail." The case of *Foulk* v. *Brown*, therefore, instead of supporting the position for which it is cited, when properly considered, is an authority against it. In an action for a distributive share, as in every other case, lapse of time may raise a presumption of payment. *Logan* v. *Richardson and wife*, 1 Barr, 372. And even the settlement of an administration account within twenty years, does not repel the presumption, because it settles nothing with respect to the payments made to the legatees or distributees. *McLean* v. *Findlay*, 2 P. R. 100.

The Act of 29th March, 1832, is imperative in directing the manner of proceeding in the Orphans' Court, to obtain the appearance of a person amenable to its jurisdiction, and to compel obedience to its orders and decrees. It is essential that a petition for a citation should come from some person *interested*, and the facts necessary to show the interest, and to give the court jurisdiction, with the specific cause of complaint and the relief desired, must be supported by oath or affirmation. In this case, as the legacy claimed by the petitioner is presumed to have been paid, and as the presumption from lapse of time, when not repelled by circumstances, becomes conclusive, it follows that the petitioner has no interest in the settlement of the estate, and no right to call for an account.

The decree of the court below, dismissing the petition, and directing the petitioner to pay the costs, is affirmed.

Decree affirmed.